IN RE: MOSS TRUCKING COMPANY, INC. AND McLEOD TRUCKING & RIGGING COMPANY, INC.

No. 7210SC525

(Filed 25 October 1972)

1. Taxation § 24— over-the-road vehicles — tax situs

Unless some other subsection of G.S. 105-302 otherwise provides, G.S. 105-302(a), for purposes of determining ad valorem taxes, requires that certain long-haul over-the-road vehicles of taxpayers be listed in Charlotte Township where appellants maintain their principal place of business rather than in Paw Creek section of Mecklenburg County where they maintain an enclosed location with a railroad siding next to it at which freight is infrequently handled.

2. Taxation § 24— location where personal property situated — tax situs

G.S. 105-302(d) providing that the tax situs for personal property be determined with respect to where the property is situated rather than to where the owner resides or has his principal place of business is not applicable in this case involving over-the-road vehicles, since their occasional temporary parking or their occasional visits to load or unload freight at a location other than that of appellant's principal place of business was insufficient to establish that the vehicles had become "situated" at any particular location within the meaning of G.S. 105-302(d).

APPEAL by Moss Trucking Company, Inc., and McLeod Trucking & Rigging Company, Inc. from *Canaday, Judge,* 28 February 1972 Session of Superior Court held in Wake County.

This appeal presents the question whether the correct tax situs for ad valorem tax purposes of certain long-haul over-the-road vehicles owned by Moss Trucking Company, Inc.

(Moss) and by McLeod Trucking & Rigging Company, Inc. (McLeod) was within the City of Charlotte, where taxpayers maintained their principal offices, or in the Paw Creek section of Mecklenburg County outside the City of Charlotte, where taxpayers maintained a storage area. For 1969 the taxpayers listed the vehicles for ad valorem taxes as being taxable by Mecklenburg County but not by the City of Charlotte. By appropriate proceedings taken in apt time the Mecklenburg County Board of Equalization and Review (the County Board) ruled that the vehicles here involved had a taxable situs in the City of Charlotte. Taxpayers appealed this decision to the North Carolina State Board of Assessment (the State Board), sitting as the State Board of Equalization and Review. The State Board held a hearing on the matter in Raleigh on 9 December 1969. At this hearing the parties stipulated that the appeal was properly before the State Board and that the case of Moss and the case of McLeod should be joined and considered as one case. They also stipulated that the principal office of the taxpayers was within the City Limits of Charlotte and in Charlotte Township, that the only property involved in this controversy consisted of 245 over-the-road vehicles owned by the taxpayers, being 195 tractors and trailers owned by Moss and 25 trailers, 4 tractors, 14 trucks and 7 cranes owned by McLeod, and that the tax valuation of these units was not in controversy. After receiving evidence presented by taxpayers and by Mecklenburg County the State Board entered its order dated 14 January 1970 in which it made the following findings of fact:

"(1) That both appellants are North Carolina corporations with their principal offices at 3027 North Tryon Street, within the city limits of Charlotte, Mecklenburg County, North Carolina.

(2) That Moss is engaged in the business of heavy-duty hauling in 20 to 25 states on the eastern seaboard.

(3) That McLeod is engaged in the business of rigging and crane work in the southeastern states.

(4) That in addition to the principal office wherein all administrative activities of appellants are carried on, the Tryon Street location also contains the appellants' operations office, equipment repair and maintenance facilities and storage facilities for rigging and repair parts.

(5) That the North Tryon Street location contains approximately 3 acres of land and could provide parking space for about 16% of appellants' vehicles.

(6) That in addition to the above location, appellants also rent a location containing approximately 5.48 acres, which is in the Paw Creek section of Mecklenburg County, outside the City of Charlotte.

(7) That the Paw Creek location has a railroad siding next to it with a spur track running into it.

(8) That this location is entirely enclosed with a chain link fence and the gates are normally locked.

(9) That this location is not normally attended, has no employees assigned to it and has no power or telephone facilities.

(10) That on one occasion in March or April, 1969, this location was used for unloading from rail cars approximately 5,000,000 pounds of steel owned by U. S. Steel Corporation and reloading it on appellants' trailers for delivery to highway job sites.

(11) That at other times during the year, varying amounts of freight may be handled at this location, but there have been no other occasions when any substantial amount of freight was handled there.

(12) That this location is also used for storage of materials, junked or broken down equipment, and on occasion, some of the vehicles involved in this appeal.

(13) That the 245 vehicles involved in this appeal are over-the-road vehicles, which in their normal operation, are either in movement from one place to another or are located at a job site on a more or less temporary basis.

(14) That in their normal operation, the vehicles are not permanently located at any place.

(15) That none of the vehicles in question are permanently based at the Paw Creek location.

(16) That the only time a significant number of the vehicles in question are at either the Charlotte or Paw Creek location is during the Christmas holidays, from about December 20 to January 2 or 3.

(17) That even at this time, only a small percentage of the total number of the vehicles in question are at the two locations.

(18) That all of the vehicles in question are dispatched from the North Tryon Street location.

(19) That all maintenance and repair work on the vehicles in question is done at the North Tryon Street location.

(20) That the drivers of the vehicles in question are instructed to leave the vehicles at the North Tryon Street location when they are in overnight."

Upon these findings of fact the State Board concluded that the vehicles involved in this appeal had a taxable situs in the City of Charlotte as well as in Mecklenburg County, and affirmed the decision of the County Board. On appeal to the Superior Court, by order dated 28 February 1972 the court sustained the order of the State Board, and from this ruling the taxpayers have appealed to the Court of Appeals.

*Bryan, Jones, Johnson, Hunter & Greene by Robert H. Jones for appellants.*

*Ruff, Perry, Bond, Cobb, Wade & McNair by Hamlin L. Wade for Mecklenburg County, appellee.*

PARKER, Judge.

Decision of this appeal is controlled by *In re Freight Carriers,* 263 N.C. 345, 139 S.E. 2d 633 and by *In re Trucking Co.,* 281 N.C. 242, 188 S.E. 2d 452. As in the last cited case, citations to the General Statutes in this opinion must be understood as relating to the statutes in effect in 1969, both as to section numbers and as to content.

[1] By G.S. 105-302(a), except as otherwise provided in that section, all tangible personal property shall be listed in the township in which the owner has his residence. This statute expressly provides that the residence of a corporation shall be the place of its principal office in this State. Appellants have stipulated that their principal office in this State is within the City of Charlotte and in Charlotte Township. Therefore, under G.S. 105-302(a) their tangible personal property must be listed

in Charlotte Township, unless some other subsection of G.S. 105-302 otherwise provides. Appellants contend that such is the case and that the correct taxable situs of their property here in question is controlled by subsection (d) of G.S. 105-302, which, insofar as pertinent to this appeal, provides that "tangible personal property shall be listed in the township in which such property is situated, rather than in the township in which the owner resides, if the owner or person having control thereof hires or occupies a store, mill, dockyard, piling ground, place for the sale of property, shop, office, mine, farm, place for storage, manufactury or warehouse therein for use in connection with such property." Speaking of a similar contention made by the taxpayer in the case of *In re Trucking Co., supra,* Lake, J., writing the opinion of the Court, said (p. 250):

> "This contention cannot be sustained for the reason that the tractors and trailers in question were not 'situated' on the lot in Broadbay Township owned by McLean and designated by it as a place for storage of such property. *In re Freight Carriers,* 263 N.C. 345, 139 S.E. 2d 633. As of 1 January 1969, and for many months prior thereto, none of these vehicles was stored upon this lot or elsewhere in Broadbay Township, if, indeed, they ever were there. Consequently, Winston Township was the tax situs of these tractors and trailers as of 1 January 1969 and they should have been listed for 1969 taxes therein."

[2] In the present case, the president and sole owner of both Moss and McLeod, appearing as a witness for the taxpayers at the hearing before the State Board, testified on cross-examination that:

> "[T]he Paw Creek location is not used as a storage for equipment because the equipment generally isn't in storage, generally it is on the way from one place to another. . . . [T]he company doesn't have any equipment permanently based at the Paw Creek location and the company doesn't move the equipment from the Paw Creek location because all of the equipment is generally on the move rather than permanently stationed anywhere . . . . "

This testimony fully supported the finding of fact made by the State Board that the 245 over-the-road vehicles here involved in their normal operation "are not permanently located

at any place" but "are either in movement from one place to another or are located at a job site on a more or less temporary basis." This crucial finding, being supported "by competent, material, and substantial evidence in view of the entire record as submitted," G.S. 143-315, is binding upon the courts on this appeal. *In re Appeal of Broadcasting Corp.*, 273 N.C. 571, 160 S.E. 2d 728; *In re Pine Raleigh Corp.*, 258 N.C. 398, 128 S.E. 2d 855. In turn, this factual finding supports the State Board's conclusion that taxpayers' over-the-road vehicles here involved were not "situated" at the Paw Creek location within the meaning of that word as used in G.S. 105-302(d). *In re Freight Carriers, supra.* We agree with the State Board's further conclusion that an occasional temporary parking or an occasional visit to load or unload freight is not sufficient to establish that the vehicles in question had become "situated" at any particular location within the meaning of G.S. 105-302(d).

The order of the Superior Court here appealed from which sustained the order and decision of the State Board is

Affirmed.

Judges CAMPBELL and MORRIS concur.